AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>Brayan Alejandro ROBLES-OTERO<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 2:22-mj-181 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 16, 2022** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 846 | Conspiracy to possess with intent to distribute a controlled substance, to wit: a mixture containing more than 400 grams of acetylfentanyl and more than 500 grams of methamphetamine. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Clark S. Powers, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/17/2022

*Judge's signature*

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

City and state: Columbus, Ohio

## AFFIDAVIT

I, Homeland Security Investigations (HSI) Special Agent (SA) Clark S. Powers (your affiant), Being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. Your affiant has been employed by HSI since December 2016, having been assigned to our Sells, Arizona office. During that time, your affiant was assigned to the Sells Border Enforcement and Security Task Force (BEST), which focused on human, narcotics, bulk cash, and weapon smuggling occurring between Ports of Entry (POE) and the Phoenix, Arizona metropolitan area. Beginning in October 2020, your affiant was assigned to the HSI Columbus, Ohio office, as a participating member of the Central Ohio High Intensity Drug Trafficking Area (HIDTA) multi-agency task force. Your affiant gained experience through a Bachelor of the Arts Degree in Criminal Justice in 2007, completion of the Criminal Investigator Training Program (CITP) and completion of the HSI Special Agent Training Academy in 2017. During CITP and HSI Academy training, your affiant was instructed in all phases of criminal investigation such as: Criminal Law, Search and Seizure, Field Enforcement Techniques, Firearms Proficiency, and Interviewing and Evidence. Your affiant is responsible for enforcing federal criminal statutes including, but not limited to, controlled substance violations, pursuant to 21 U.S.C. §§ 841 and 846.

2. While employed as a Special Agent, your affiant has conducted and participated in numerous investigations of criminal activity, including, but not limited to, controlled substance violations. During the investigation of these cases, your affiant has executed, or participated in the execution of, numerous search warrants and seized evidence of these violations.

## PURPOSE OF AFFIDAVIT

3. I am participating in an investigation concerning an organized group of known and unknown individuals, including Brayan Alejandro ROBLES-OTERO (hereafter referred to as ROBLES-OTERO), who are suspected of conspiracy to possess with intent to distribute more than 400 grams of acetylfentanyl (an analogue of fentanyl) and more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.

4. The information set forth in this affidavit is based upon my knowledge, training, experience, and participation in investigations involving the smuggling, possession, distribution, and storage of narcotics and narcotics proceeds. This information is also based on the knowledge, training, experience, and investigations conducted by fellow law enforcement officers, who have reported to me either directly or indirectly. I believe this information to be true and reliable. I know it is a violation of 21 U.S.C. § 846 for any person to knowingly possess and/or conspire to possess with the intent to distribute a controlled substance.

5. The information set forth in this affidavit is based upon my personal participation in this investigation, information obtained from other agents and detectives assisting in this investigation, and my review of records, documents, and other material relating to this investigation.

6. Because this affidavit is being submitted for the limited purpose of securing criminal complaints and arrest warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Brayan Alejandro ROBLES-OTERO violated 21 U.S.C. § 846.

## FACTS ESTABLISHING PROBABLE CAUSE

7. On March 16, 2022, your affiant was contacted by HSI New York City/JFK Border Enforcement Security Task Force (BEST), regarding a United Parcel Service (UPS) package which was delivered to an address in Columbus, Ohio. The characteristics of the package matched the characteristics of narcotics laden packages which they had previously seized.

8. On or about March 15, 2022, an unknown individual shipped a UPS parcel (**Target**

**Parcel**) from The UPS Store located at 1027 South Rainbow Boulevard, Las Vegas, Nevada 89145, next day air to 84 Meek Avenue, Columbus, Ohio 43222. The sender was listed as Orlando Pena, utilizing phone number (702) 801-1054, with a listed return address of 2400 East Evans Avenue, North Las Vegas, Nevada 89030. The recipient was listed as Martin Ortega Sanchez at 84 Meek Avenue, Columbus, Ohio 43222. The UPS tracking number was listed as 1ZR27Y560112201814. Utilizing a source of information, your affiant learned that the 84 Meek Avenue residence is operated as an accommodation for travelers on the website Airbnb.com. The 84 Meek Avenue residence was rented to an individual from Perris, California from March 11, 2022, through March 18, 2022.

9. Based upon your affiant's training, experience, investigative trends, and conversations with other Special Agents and law enforcement officers, it is common for drug trafficking organizations (DTO) to utilize short-term rental properties, hotels, and mailbox stores to facilitate the trafficking of illegal narcotics and contraband. These methods minimize the DTO's residence from being compromised during the investigation and give the appearance of a legitimate parcel consignee address.

10. HSI Special Agents and Task Force Officers observed a blue Nissan Sentra (hereafter referred to as **Target Vehicle**, bearing Nevada license plate 917T34, registered to Las Vegas resident Pablo OBERO (hereafter referred to as OBERO), arrive at the 84 Meek Avenue residence. A Hispanic male, later identified as Brayan Alejandro ROBLES-OTERO (hereafter referred to as ROBLES-OTERO), entered the residence and retrieved luggage and a box matching the characteristics of a UPS parcel, which he placed in the trunk of the **Target Vehicle**. ROBLES-OTERO then locked the 84 Meek Avenue residence and traveled to the John Glenn International Airport.

11. Upon arrival at the airport, HSI Special Agents and Task Force Officers maintained constant surveillance on the **Target Vehicle**. Investigators observed ROBLES-OTERO park the **Target Vehicle** in the short-term parking deck before entering the airport terminal. Investigators contacted an airport police K-9 handler and requested an open-air sniff of the **Target Vehicle.** The K-9 alerted to an odor he is trained to detect emanating from the trunk of the **Target Vehicle**.

12. HSI Special Agents and Task Force Officers located ROBLES-OTERO attempting to board an American Airlines flight from Columbus, Ohio to Charlotte, North Carolina, with a

destination in Washington D.C. Investigators determined that ROBLES-OTERO had the key fob associated with the **Target Vehicle** in his possession. ROBLES-OTERO was detained at that time, until a search warrant for the **Target Vehicle** could be secured.

13. A search warrant was executed on the **Target Vehicle**. During the search, a box bearing the same UPS shipping label information obtained from HSI JFK was recovered from the trunk. Upon opening the box, two brick shaped objects were found wrapped in black packing tape. Upon examining the brick substance, it was determined to be white and granular in nature. The substance field tested positive as acetylfentanyl (an analogue of fentanyl). Six additional packages wrapped in black packing tape were in the box. The substance appeared crystalline in nature and field tested positive for methamphetamine.

14. Upon locating the suspected narcotics, HSI Task Force Officers advised ROBLES-OTERO of his Miranda rights and placed him under arrest. ROBLES-OTERO agreed to speak with investigators on scene in order to gather additional information. ROBLES-OTERO admitted to investigators that he knew boxes which contained drugs were within the **Target Vehicle** he had operated prior to his arrival at the airport. ROBLES-OTERO was then transported to the Columbus Division of Police Headquarters, located at 120 Marconi Boulevard, Columbus, Ohio 43215 for additional questioning.

15. Your affiant, along with Columbus Police Department (CPD) Detectives James Walker and Vicente Uriostegui conducted an interview of ROBLES-OTERO. CPD Detective Uriostegui is a native Spanish speaker and provided translation for ROBLES-OTERO. ROBLES-OTERO was reminded of his Miranda warnings and agreed to speak with investigators. During the interview, ROBLES-OTERO stated that he worked with Pablo OBERO (OBERO) the registered owner of the **Target Vehicle** to receive narcotics laden parcels at the 84 Meek Avenue residence. ROBLES-OTERO stated OBERO is a residence of Charlotte, North Carolina, and that OBERO had departed Columbus for Charlotte earlier in the day on March 16, 2022. ROBLES-OTERO was instructed to leave the **Target Vehicle** at the airport. ROBLES-OTERO would then fly to Charlotte with the keys of the **Target Vehicle**, which he would give to OBERO before leaving for Washington D.C. ROBLES-OTERO stated OBERO would then return to Columbus with the keys to the **Target Vehicle** in order to retrieve it and the narcotics concealed within.

16. While your affiant conducted the interview, HSI Special Agents and Task Force Officers executed a search warrant of the 84 Meek Avenue residence. Empty boxes were found in the

basement of the residence, which ROBLES-OTERO identified as previous narcotics shipments. No additional narcotics or illicit drug proceeds were in the residence.

17. ROBLES-OTERO stated he was never paid for these trips. ROBLES-OTERO did state that he provided his Mexican identification to OBERO on several occasions. OBERO allegedly used ROBLES-OTERO's identification to wire illicit funds to Mexico.

## CONCLUSION

18. Based on the foregoing facts, your affiant believes that there is probable cause to believe that Brayan Alejandro ROBLES OTERO violated 21 U.S.C. § 846, conspiracy to possess with intent to distribute more than 400 grams of acetylfentanyl (an analogue of fentanyl) and more than 500 grams of methamphetamine. Accordingly, your affiant requests the issuance of a criminal complaint and arrest warrant for Brayan Alejandro ROBLES-OTERO.

_____
Special Agent Clark Powers
Homeland Security Investigations

Subscribed and sworn to before me this 17th day of March, 2022.

_____
Chelsey M. Vascura
United States Magistrate Judge